IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEIDRA SALTER o/b/o P.S., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:11cv995-WC |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

Plaintiff, Deidra Salter, ("Salter") brings this action on behalf of the Claimant, ("P.S."), who is deceased.  P.S. applied for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*, and supplemental security income payments under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq*.  Her application was denied at the initial administrative level.  P.S. then requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ issued a decision, on May 9, 2005, in which he found P.S. not disabled. Tr. 23.  The Appeals Council denied P.S.'s request for review of the ALJ's decision.  P.S. then filed an appeal to this district court.  In November 2008, this district court remanded the matter to the Commissioner.  The Appeals Council, thus, vacated the May 2005 hearing decision and

remanded the case to the ALJ for further proceedings. Tr. 323A. The ALJ held a second hearing on April 16, 2009, in which both P.S. and a vocational expert ("VE") testified. Following the 2009 hearing, the ALJ issued an unfavorable decision, dated May 21, 2009, in which he found P.S. not disabled from July 14, 2003 to May 9, 2005. Tr. 280. The Appeals Council rejected P.S.'s request for review of the 2009 decision. Tr. 5. The ALJ's 2009 decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. 8); Def.'s Consent to Jurisdiction (Doc. 9). Based on the court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

significant number of jobs in the national economy the claimant can perform.  *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC).  *Id*. at 1238-39.  RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence.  *Id*.  It also can contain both exertional and nonexertional limitations.  *Id*. at 1242-43.  At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform.  *Id*. at 1239.  To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE).  *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience.  Each factor can independently limit the number of jobs realistically available to an individual.  *Phillips*, 357 F.3d at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."  *Id*.

The Court's review of the Commissioner's decision is a limited one.  This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a

---

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.   ADMINISTRATIVE PROCEEDINGS

Pursuant to this court's November 2008 Order, the Appeals Council remanded the case to the ALJ and directed the ALJ to obtain testimony from a VE. While the appeals process was pending, P.S. filed a subsequent application on July 12, 2005 alleging an onset date of May 10, 2005. That subsequent application was granted by another ALJ on July 23, 2008. Accordingly, the ALJ limited the scope of review of P.S.'s first application—at issue in this case—to whether P.S. was disabled from July 14, 2003 to May 9, 2005. Tr. 275.

P.S. was forty-two years old at the time of the second hearing before the ALJ, and

thirty-six years old at the time of the alleged onset date.  Tr. 403.  P.S. has a high school education.  Tr. 403.  P.S.'s past relevant work experience was as a "binder" in a bed linen factory, a "nursing assistant," and a "small motor assembler."  Tr. 403.  Following the 2009 administrative hearing, and employing the five-step process, the ALJ found P.S. "has not engaged in substantial gainful activity since July 14, 2003, the application date." (Step 1) Tr. 277.  At Step 2, the ALJ found that P.S. suffers from the following severe impairments: "congestive heart failure, headaches, obesity and hypertension." Tr. 277.[5] The ALJ then found that P.S. "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 and 416.926)."  (Step 3) Tr. 277.  *Id.*  Next, the ALJ found that "from July 14, 2003 to May 9, 2005, [P.S.] had the residual functional capacity to perform the full range of sedentary work."  Tr. 278.  At Step 4, and after consulting with a VE, the ALJ found that "[P.S.] was unable to perform any past relevant work from July 14, 2003 to May 9, 2005."  (Step 4) Tr. 279.  At Step 5, the ALJ found that, "[b]ased on vocational expert testimony and considering [P.S.]'s age, education, work experience, and residual functional capacity, there were jobs that exist[ed] in significant numbers in the national economy that [P.S.] could perform from July 14, 2003 to May 9, 2005."  Tr. 279.  The VE testified that P.S. could perform the

---

[5] The ALJ's findings as to the Claimant's severe impairments were the same as his 2005 decision, which found that Claimant had "congestive heart failure," "obesity," "hypertension," and "secondary headaches."  Tr. 22.

following jobs in the national economy: "surveillance system monitor" (sedentary, unskilled); "call out operator" (sedentary, unskilled); and "microfilm preparer" (sedentary, unskilled). Tr. 405-06.[6] Accordingly, the ALJ determined that "[P.S.] has not been under a disability, as defined in the Social Security Act, from July 14, 2003 through the date of this decision." Tr. 280.[7]

## IV. SALTER'S CLAIMS

Salter presents three issues for this court's consideration in review of the ALJ's decision: 1) "whether the ALJ erred by failing to properly weigh the medical opinions of record"; 2) "whether the ALJ's finding of [P.S.]'s Residual Functional Capacity or ("RFC") is not based on substantial evidence"; and 3) "whether the ALJ erred as a matter of law when he failed to find that [P.S.] was disabled through testimony of pain or other subjective symptoms." Pl.'s Br. (Doc. 13) at 1.

## V. DISCUSSION

While Salter presents three issues for this court's consideration, her challenges to the ALJ's 2009 decision are interrelated as all three challenges hinge on her argument

---

[6] The ALJ's opinion states that the "Ms. Berthaume [the VE] testified that [P.S.] could perform jobs as a lens inserter and textile worker." Tr. 280. However, a review of the hearing transcript shows that the VE identified "surveillance system monitor" (sedentary, unskilled); "call out operator" (sedentary, unskilled); and "microfilm preparer" (sedentary, unskilled) as examples of the jobs P.S. could perform. *See* Tr. 405-06. Accordingly, it appears the ALJ's reference to "lens inserter and textile worker" in his opinion is a typographical error.

[7] This appears to be a typographical error since the relevant time period of the ALJ's 2009 decision is July 14, 2003 to May 9, 2005. The ALJ's decision clearly states that his opinion is

that the ALJ did not intend to incorporate his earlier 2005 decision and that, therefore, the 2009 decision should be read independently.

Salter's first two arguments challenge the ALJ's findings as to P.S.'s severe impairments of "congestive heart failure, headaches, obesity, and hypertension" and RFC of "full range of sedentary work" arguing that the ALJ erred because "the ALJ did not discuss the medical records that led him to th[ese] finding[s]." Pl.'s Br. (Doc. 13) at 7. Salter argues as follows:

> (1) the ALJ had the opportunity to incorporate his 2005 decision into his 2009 decision by reference and chose not to; (2) any argument that incorporation was the ALJ's intent is a post hoc justification, which is not allowed in this Circuit; (3) the ALJ's severity findings in the 2009 decision are different from the findings in his 2005, which is indication that he found something more credible in 2009. (R. 272-280).

Pl.'s Br. (Doc. 13) at 9. Defendant contends that "[Salter]'s argument that reversal is required because only the ALJ's 2009 Decision should be considered on appeal fails. Rather . . . when the ALJ's Decisions are read in tandem, substantial evidence supports his conclusion that [P.S.] was not disabled." Def.'s Br. (Doc. 18) at 12.

Salter's arguments fail for two reasons. First, it was not erroneous for the ALJ to limit his supplemental proceedings and decision to the scope of this court's remand order. Second, it was not erroneous for the ALJ to rely on findings he made in his previous hearing and decision in 2005.

---

limited to considering whether P.S. was disabled from July 14, 2003 to May 9, 2005 since P.S.'s subsequent application, with an alleged onset date of May 10, 2005, was granted by another ALJ.

A review of the record in this case establishes that the ALJ did not commit reversible error. This court found that the ALJ's 2005 decision erred in relying on the Medical-Vocational Guidelines and remanded the case to the Commissioner solely for the purpose of obtaining VE testimony.[8] Memorandum Opinion, 07cv445-WC, Nov. 26, 2008. The ALJ complied with the remand order and held a supplemental hearing where he obtained testimony from a VE. The ALJ made it clear that the supplemental hearing and decision were limited to complying with the court's remand order, as his decision clearly states "Pursuant to the District Court remand order, the Appeals Council has directed the undersigned to obtain testimony from a vocational expert." Tr. 275. The ALJ also noted that [P.S.]'s subsequent benefits application had been granted by another ALJ on July 23, 2008 and, thus, on remand, he would "only consider whether [P.S.] was disabled from July 14, 2003 to May 9, 2005." Tr. 275.

The ALJ did not err by limiting the 2009 hearing and his subsequent decision to obtaining VE testimony. The Social Security Regulations state that the ALJ "*shall* take any action that is ordered by the Appeals Council and *may* take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977

---

[8] In reviewing the ALJ's 2005 decision, this court found that "the ALJ recognized explicit environmental limitations on the [P.S.]'s ability to work but did not consult a VE to determine whether those limitations would significantly limit her basic work skills at the sedentary level. Because the testimony of a VE was required to determine whether the ALJ's environmental limitations would preclude [P.S.] from performing a wide range of sedentary work, the ALJ's exclusive reliance on the guidelines was erroneous." Memorandum Opinion, 07cv445-WC, Nov. 26, 2008.

(emphasis added). *See* also 20 C.F.R. § 404.983[9] (providing that the procedures in 20 C.F.R. § 404.977 should be followed if the Appeals Council returns a court-remanded case to an ALJ). Accordingly, while the ALJ *may* look into other issues on remand, he is under no duty to do so. *See, e.g.*, *Leonard v. Astrue*, 2010 WL 338099, at *4 (M.D. Fla. Jan. 22, 2010) (finding that ALJ "was not required to take evidence on issues outside the scope of the remand").[10] Thus, it was not erroneous for the ALJ to limit his supplemental proceedings and decision to obtaining testimony of a VE in order "to determine whether the ALJ's environmental limitations would preclude [P.S.] from performing a wide range of sedentary work" as this is what the court instructed him to do on remand.

---

[9] "When a Federal court remands a case to the Commissioner for further consideration, the Appeals Council, acting on behalf of the Commissioner, may make a decision, or it may remand the case to an administrative law judge with instructions to take action and issue a decision or return the case to the Appeals Council with a recommended decision. ***If the case is remanded by the Appeals Council, the procedures explained in § 404.977 will be followed***. Any issues relating to your claim *may* be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case." 20 C.F.R. § 404.983 (emphasis added).

[10] In fact, in *Leonard v. Astrue*, the court noted that "[o]n remand, the Commissioner is required to follow the district court's remand order in the subsequent administrative proceeding; deviation from the district court's order is itself legal error subject to reversal on further judicial review." 2010 WL 338099, at *4 (M.D. Fla. Jan. 22, 2010) (citing *Sullivan v. Hudson*, 490 U.S. 877, 885-86 (1989) ("Where a court finds that the Secretary has committed a legal or factual error in evaluating a particular claim, the district court's remand order will often include detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed. . . . Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review." (internal citations omitted)).

Salter's argument that the ALJ did not discuss the medical records that led to his findings regarding P.S.'s severe impairments and RFC and that, thus, these findings are not supported by substantial evidence is due to fail. First, contrary to Salter's argument, a review of the 2005 and 2009 decisions reveals that the ALJ's findings as to P.S's severe impairments and RFC are almost identical.[11] Second, a review of that 2005 decision reveals that the ALJ did discuss how the record supported his findings. Salter does not attack the 2005 findings, she merely attacks the 2009 findings based on her argument that the ALJ did not explicitly incorporate his 2005 findings. Moreover, the ALJ's reliance on his findings in the 2005 decision does not constitute error. The United States Court of Appeals for the Eleventh Circuit has held that it is not error for an ALJ to rely on factual findings made in the claimant's previous hearings and decisions. *Leonard v. Comm'r of*

---

[11] As to P.S.'s severe impairments, in 2009, the ALJ found that P.S. suffers from the following severe impairments: "congestive heart failure, headaches, obesity and hypertension." Tr. 277. In 2005, the ALJ found that:

> The medical evidence established that the claimant has severe congestive heart failure, but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in, Appendix 1, Subpart P, Regulations No. 4. The claimant's obesity has not been shown to cause any work-related limitations, and her hypertension and secondary headaches are controllable with appropriate medications. There is absolutely no medical reference to anxiety or to any severe mental or emotional impairment of record.

Tr. 22. In both decisions the ALJ found that P.S. does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 of the Regulations. *See* Tr. 19 and 277.

As to P.S.'s RFC, in both decisions the ALJ found that P.S. can perform a "full range of sedentary work" but should not work in "hazardous situations as unprotected heights or dangerous machinery." *See* Tr. 278-79 and 22-23.

*Soc. Sec.*, 409 F. App'x 298, 300 (11th Cir. 2011). In fact, as Defendant points out, "the ALJ relied on his 2005 Decision in articulating to the VE the parameters of various hypotheses presented to her." Def.'s Br. (Doc. 18) at 10. Indeed, the ALJ asked the VE to consider a hypothetical "including the facts as found by me and my May 9th, 2005, decision and in particular the environment[al] limitations." Tr. 405. The ALJ did exactly what he was supposed to do on remand—he presented a hypothetical to the VE framed with an identical RFC as he found in 2005. The VE testified that the hypothetical individual could perform some jobs available in the national economy and the ALJ relied on the VE's testimony in finding that P.S. was not disabled from July 14, 2003 to May 9, 2005. Thus, the ALJ committed no reversible error.

Salter's third challenge to the ALJ's decision is that "the ALJ erred as a matter of law when he failed to find that [P.S.] was disabled through testimony of pain or other subjective symptoms." Pl.'s Br. (Doc. 13) at 1. According to Salter, the ALJ's finding that "[P.S.]'s statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment," Tr. 27, constitutes reversible error because "[t]his finding fails to explicitly articulate the reasons that the ALJ discredited [P.S.]'s testimony and is not supported by substantial evidence." Pl.'s Br. (doc. 13) at 11. Again, as with Salter's other arguments, her argument fails because the ALJ's 2009 credibility finding did not change from his 2005 decision where he fully explained why he did not find

P.S.'s testimony to be credible, explaining in part that "[P.S.]'s allegations of disability are disproportionate to the evidence of record, are not supported by her infrequent follow up visits with her heart doctor subsequent to her hospitalization, are consistent with her described activities, and are not credible."  Tr. 21.

Moreover, as Defendant points out, "even if [P.S.]'s testimony of her symptoms as of April 2009 were accepted as true, they are irrelevant to a determination of whether [P.S.] was disabled between June 14, 2003 and May 9, 2005, and have no impact on the ALJ's decision."  Def.'s Br. (Doc. 18) at 15.  Indeed, P.S.'s testimony at the 2009 hearing focused on her limitations from her various impairments at the time of the hearing.  *See* Tr. 397-400.  Thus, the court finds this testimony is irrelevant given that, on remand, the sole question before the ALJ was whether P.S. was disabled between July 14, 2003 to May 9, 2005.  *See Carroll v. Soc. Sec. Admin., Comm'r*, 453 F. App'x 889, 892 (11th Cir. 2011) ("Evidence is irrelevant and immaterial when it relates to a time period after the eligibility determination at issue." (citing *Wilson v. Apfel,* 179 F.3d 1276, 1278-79 (11th Cir.1999) (per curiam) (explaining that a medical opinion given one year after the denial of benefits "may be relevant to whether a deterioration in [the claimant's] condition subsequently entitled her to benefits" but is not probative to the issue of eligibility during the time period for which benefits were denied))).

## VI. CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

Done this 2nd day of August, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE